Harper, J.
With respect to the first ground of the motion for nonsuit, we perceive little room to doubt. It is agreed that a survey made .in the cause is not necessary, but that the identity may be established by any other competent testimony. The deed of Thomas to Jeter, and the deed of the sheriff to plaintiffs, were both before the jury (though they are not before us) and from an inspection of these, it is to be presumed the jury could determine whether they described the same land. Besides, the presiding Judge reports enough of the testimony to establish the identity. He states that “the deed described it as the land where Thomas lately lived, containing fifty acres, and bounded by the lands of certain persons named,” and that “the evidence was, that the sheriff sold the land where Thomas lately resided, and that the defendant and his tenant Abney, were in possession the same land, under Thomas’ deed to Jeter.” It is besides reported, that Thomas owned no other land. It would be extravagant to doubt of the identity.
The second ground is equally unsustainable* The rule is, that where a purchaser of land at sheriff’s sale, brings suit against the defendant to recover possession, he need show nothing but the judgment and the sheriff’s conveyance. The same rule applies when the suit is against one in possession, claiming under the defendant, whether as tenant or by a conveyance subsequent to the judgment, otherwise the salé would be nugatory. Here the conveyance was not subsequent to the judgment, but it is established to have been void for fraud. The defendant then stands in *382 situation of one put into possession by the original defandant, Thomas, without any title at all. It was suggested that the proof of the nature of defendants’ title came out m evidence in the defence, and that the motion for nonsuit, made when the plaintiffs’ evidence was closed, ought to have prevailed. From the report of the Judge, I should clearly infer that the testimony with respect to the character of defendants’ title was given on the part of the plaintiffs; and this was confirmed by the statements of counsel. If the defendants claimed by any other title, they might have shewn it in their defence. Besides, even if the presiding Judge had erroneously refused the nonsuit, and the defendants in their defence, had supplied the proof necessary to make out the plaintiffs’ case, a nonsuit could not be directed here. It was their own imprudence to supply the proof; and when, upon the whole case, it appears that the plaintiffs are clearly entitled to recover, it would be sporting with justice to say, they should be turned out of court on account of such an error of the Judge.
Herndon, for the motion.
The third ground for nonsuit, and the ground for a new trial, may be considered together. No doubt Thomas made the conveyance with a view of defrauding his creditors. If the defendant knew of that intention, he made himself a party to the fraud, and his conveyance was vitiated, even although he paid a full consideration’. The circumstances are very strong to shew that he was aware of it, and even if they had been less so, we should not be authorized to interfere with the verdict of the jury, to whom it belonged to judge of them.

The motion is dismissed.

Johnson & O’Neall, Js.'concurred.